# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THC FINANCIAL CORPORATION,<br><br>Debtor. | Case No.: 76-00493<br>Chapter X Corporate Reorganization Under the Bankruptcy Act of 1898<br><br>Rel. Dkt. No. 16 |

## MEMORANDUM CONCERNING RECEIVER'S APPLICATION FOR TURNOVER

**INTRODUCTION**

    This is a Corporate Reorganization case under the Bankruptcy Act of 1898, as amended. (the "Bankruptcy Act.") The Bankruptcy Act was repealed and was replaced by the Bankruptcy Reform Act of 1978. (the "Bankruptcy Code".)

    The Bankruptcy Code applies to all bankruptcy cases filed on or after October 1, 1979, but cases commenced under the Bankruptcy Act continue to be governed by that Act. (Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, §§ 401-03, 92 Stat. 2549, 2682-83.)[1]

    In this Corporate Reorganization, the debtor is THC Financial Corporation.

---

[1] For ease of reference, Public Law No. 95-598 is printed, in full, in Appendix Vol. A, Collier on Bankruptcy, (15th ed. 2000). The cited sections are at pages designated App. Pt. 4-189, 190.

The reorganization trustee filed a liquidating plan of reorganization in 1979. The plan was confirmed; the debtor was discharged of all debts and liabilities; its corporate stock was cancelled; and the debtor was dissolved by the State of Hawaii.

The case has attracted the attention of asset locators, because of unclaimed funds in the amount of $128,000.31. The funds have been deposited in the Treasury of the United States on account of unpaid distributions to identified creditors and former shareholders of the debtor. 28 U.S.C. § 2042.

The matter before the court is a receiver's application for turnover to him of the above-described money on deposit in the United States Treasury.

The application was heard before the undersigned United States Bankruptcy Judge on April 15, 2010. Receiver Robert B. Amidon, Esq., appeared on his own behalf. Also present were Don Jeffrey Gelber, Esq., of Gelber, Gelber & Ingersoll, who, as a former attorney of record, had some knowledge of relevant facts from the Corporate Reorganization case, and Assistant United States Attorney Edric M. Ching.

**FACTS**

The receiver was appointed on October 21, 2009, by order of United States District Judge Christina A. Snyder, in a civil action pending in the United States District Court for the Central District of California, entitled *Omega Consulting, as*

2

U.S. Bankruptcy Court - Hawaii   #76-00493   Dkt # 30   Filed 04/21/10   Page 2 of 4

*Assignee of Toni McCormick and the Estate of Gordon C. McCormick v. The Hawaii Corporation,* Cause No. 09-CV-00845-CAS. Mr. Amidon is appointed receiver for The Hawaii Corporation, not THC Financial Corporation. The Hawaii Corporation was a Corporate Reorganization debtor in a different Chapter X case, No. 76-00512.[2] The reorganization cases of The Hawaii Corporation and THC Financial Corporation had separate reorganization trustees and reorganization plans. The cases were never consolidated or jointly administered.

The debtor in this Corporate Reorganization, THC Financial Corporation, is not a party to the lawsuit in which the receiver was appointed, and the order appointing the receiver makes no mention of THC Financial Corporation. At the hearing of his motion for turnover, the receiver stated that there have been past arguments about an *alter ego* relationship between the two debtors, but he acknowledged that no court has ever made a ruling establishing *alter ego*.

## CONCLUSION

District Judge Snyder's Order Appointing Receiver makes no mention of THC Financial Corporation and does not authorize or direct Mr. Amidon, as receiver for The Hawaii Corporation, to take any action concerning the assets or affairs of THC

---

[2] Receiver Amidon filed an identical turnover application in The Hawaii Corporation case. That application was heard concurrently with the subject application concerning THC Financial Corporation. The application in The Hawaii Corporation is not yet submitted for decision, because the receiver was given time to file an optional post-hearing memorandum.

Financial Corporation, the debtor in this corporate reorganization.

Therefore, an order will be entered denying the receiver's application for turnover.

/s/ Lloyd King
United States Bankruptcy Judge
Dated: April 21, 2010